The decedent made a gift to her son of the stock involved on February 17, 1916, which was accepted *in praesenti*, and the gift was not to take effect at or after her death.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

---

## APPEAL OF AMERICAN BOX CO.

Docket No. 5418.　Submitted December 2, 1925.　Decided February 17, 1926.

Corporations *held* affiliated.

*Henry J. Richardson, Esq.*, for the taxpayer.
*Percy S. Crewe, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

Taxpayer appeals from the determination of a deficiency of $4,955.93, income and profits tax for the fiscal year ended May 31, 1920, and alleges as error the refusal of the Commissioner to consolidate the net income and invested capital of the taxpayer and the American Veneer Co., claimed to be affiliated corporations.

### FINDINGS OF FACT.

The taxpayer is a corporation organized and existing under the laws of the State of Ohio, with its principal office at Cleveland. During the year in question it was engaged in the manufacture of wooden packing cases.

The American Veneer Co. is a corporation organized under the laws of the State of Alabama in 1916 for the purpose of manufacturing lumber for use in the manufacture of wooden packing cases, and during the year in question was engaged in such business.

It was organized by F. H. Rose, the secretary of the taxpayer, pursuant to a resolution adopted at a meeting of the directors of the taxpayer held May 2, 1916, which resolution authorized the secretary to incorporate such a company and subscribe for $20,000 of its capital stock on behalf of the taxpayer. The same resolution authorized F. H. Rose to subscribe for $5,000 of the capital stock in his own name.

Upon its organization it issued 250 shares of its capital stock, 198 to the taxpayer, 50 to F. H. Rose, and the remaining two shares to qualify directors.

In 1917, 60 additional shares were issued. During the year in question in this proceeding the outstanding shares of the capital

stock of the taxpayer and of the American Veneer Co. were owned as follows:

| | American Box Co. | | American Veneer Co. | |
|---|---|---|---|---|
| | Shares. | Percentages. | Shares. | Percentages. |
| F. H. Rose | 170 | 9. 7 | 50 | 16. 1 |
| F. B. Stevens | 425 | 24. 4 | 10 | 3. 2 |
| H. A. Fuller | 10 | . 6 | 10 | 3. 2 |
| J. G. Jennings | 119 | 6. 8 | 10 | 3. 3 |
| D. E. Dangler | 56 | 3. 2 | 10 | 3. 3 |
| National Screw & Tack Co. | 204 | 11. 8 | | |
| W. D. B. Alexander | | | 10 | 3. 2 |
| J. E. Williams | | | 10 | 3. 2 |
| Upson Nut Co. | 330 | 18. 8 | | |
| D. A. Upson | 91 | 5. 2 | | |
| W. J. Upson | 91 | 5. 2 | | |
| M. Upson Rose | 90 | 5. 2 | | |
| Clara Dangler | 58 | 3. 3 | | |
| Ruth Dangler | 28 | 1. 6 | | |
| David Dangler | 28 | 1. 6 | | |
| R. F. McKenzie Co. | 50 | 2. 4 | | |
| American Box Co. | | | 200 | 64. 5 |
| Total | 1,750 | 100. 0 | 310 | 100. 0 |

F. H. Rose was a director and the secretary and treasurer of both corporations. His wife, Mary Upson Rose, owned 90 shares of stock in the American Box Co. and was the sister of the principal stockholder of the Upson Nut Co. At stockholders' meetings Rose voted the stock of his wife, of the Upson Nut Co., and of D. A. Upson and W. J. Upson. He was also authorized to vote the stock of the American Veneer Co. owned by the American Box Co.

F. B. Stevens was a director and president of the two corporations.

D. E. Dangler was a director and vice president of both corporations, and voted the stock of Clara, Ruth, and David Dangler.

W. D. B. Alexander was president of the National Screw & Tack Co., a stockholder of the American Box Co. J. E. Williams was secretary to Alexander and voted the stock of Alexander and the National Screw & Tack Co. at stockholders' meetings.

The only salaried officer of either corporation was F. H. Rose, whose salary was paid by the American Box Co. Most of the products of the American Veneer Co. were used by the American Box Co. The total assets of the American Veneer Co. as of May 31, 1920, were approximately $50,000, and on that date it owed the American Box Co. about $30,500 for money advanced it for expenses and operations. No interest was paid on this indebtedness.

The American Box Co., during the fiscal year ended May 31, 1920, owned or controlled, through closely affiliated interests, substantially all the stock of the American Veneer Co.

DECISION.

The deficiency should be computed upon the basis of a consolidated return of the taxpayer and the American Veneer Co. for the year involved. Final determination will be settled on 15 days' notice, under Rule 50.

---

## APPEAL OF ALEXANDER S. BROWNE.

Docket No. 3881.   Submitted November 3, 1925.   Decided February 17, 1926.

*Allison L. H. Newton, Esq.*, for the taxpayer.
*M. N. Fisher, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

Taxpayer appeals from the determination of a deficiency of $1,710.30, income tax for 1920, and alleges that the Commissioner committed error by including as income to the taxpayer certain amounts claimed to be the income of his wife.

FINDINGS OF FACT.

The taxpayer is an individual residing in Boston, Mass. In 1915 taxpayer was inspector of agencies for the New York Life Insurance Co. in New England. In January, 1915, two contracts were made between the New York Life Insurance Co. and the taxpayer, substantially similar in their wording but each relating to a separate part of the territory over which taxpayer operated. By these contracts the New York Life Insurance Co. agreed under certain conditions to pay the taxpayer in the fifth year thereafter a so-called renewal commission on premiums received during said fifth year on account of contracts of insurance written during the year 1915 in the territory in which the taxpayer was employed as inspector of agencies. The conditions were that the expenses of said branch in the year 1915 should not exceed a certain ratio and that the amount of insurance written in that year should exceed a certain allotment. These conditions were met in 1915. The contracts further provided as follows:

Third.—It is further understood and agreed that even although you may have performed said conditions entitling you to be allowed said renewal commission at one or the other of the rates aforesaid, nevertheless no such renewal commission shall ever become due or payable unless you remain continuously in the Company's employ until said fifth year renewal premiums become due and are duly received by the Company. The termination of your employment shall terminate all right to said renewal commission. Provided, however, that in the event of your death while in the Company's employ, any such renewal commission earned by you shall be paid to your executors, ad-